UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH CRUMBLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:13-CV-2426-AGF |
| ) | |
| DONNA E. SHALALA, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Before the Court is plaintiff's amended complaint [Doc. #9], filed in response to this Court's Order of January 24, 2014 [Doc. #8]. For the reasons set forth below, the Court will dismiss this action without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief

that is plausible on its face." *Bell Atlantic Corp. V. Twombly*, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**The Amended Complaint**

Plaintiff brings this action, requesting assistance in obtaining from the Social Security Administration certain documents relative to his claims for disability and supplemental security income benefits. Named as defendants are Donna E. Shalala, Vicki Hichtenegger, Mitchell Stevens, Unknown Cruchala, and Marvellen Halvorsen. Plaintiff alleges that, despite his numerous attempts to obtain records from 1982 to the present pertaining to his social security claims, defendants have improperly withheld copies of these documents. In addition, plaintiff summarily states that defendants are accepting bribes, and he asks this Court to file criminal charges against them for fraud and discrimination.

**Discussion**

At the outset, the Court finds that plaintiff's request for criminal charges to be brought against defendants is legally frivolous. It is well-settled that "'initiation of a federal criminal prosecution is a discretionary decision within the Executive Branch not subject to judicial compulsion.'" *Ray v. United States Dept. of Justice*, 658 F.2d 608, 610 (8th Cir. 1981) (quoting *Ray v. United States Dept. of Justice*, 508 F.Supp. 724, 725 (E.D.Mo. 1981)); *see also* 28 U.S.C. § 547(1).

Moreover, given that the remainder of the amended complaint centers around plaintiff's attempts, and desire, to obtain documents from the Social Security Administration, the Court will liberally construe this action as having been brought pursuant to the Freedom of Information Act, 5 U.S.C. § 552 (the "FOIA").

The FOIA only applies to "agencies." 5 U.S.C. § 552(a). To be an "agency" under the FOIA, an entity must be an "establishment in the executive branch." 5 U.S.C. § 552(f)(1). Because none of the individuals named as a defendant in the instant action is an "agency" under this definition, the amended complaint will be dismissed for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall not issue process or cause process to issue on defendants, because the amended complaint is legally frivolous and fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 24th day of February, 2014.

_____
UNITED STATES DISTRICT JUDGE